February 2, 1979

## 79-11 MEMORANDUM OPINION FOR THE ADMINISTRATOR OF VETERANS AFFAIRS

**Federal Labor Relations Council—Labor-Management Relations for Executive Agencies (Executive Order No. 11491)—Jurisdiction of the Council in Labor Disputes Concerning the Conditions of Employment of Medical, Dental, and Nursing Personnel of the Veterans Administration**

This responds to your request for the opinion of the Attorney General concerning the obligation of the Administrator of Veterans Affairs (VA) to abide by the decision of the Federal Labor Relations Council (FLRC) in *American Federation of Government Employees, Local 1739 and Veterans Administration Hospital, Salem, Va.,* No. 76A–88 (1978) (Union and Hospital, respectively), that Executive Order No. 11491 required the Hospital to negotiate with the Union the procedures for the evaluation of probationary professional medical employees. VA contends that 38 U.S.C. § 4108(a) exempts its Department of Medicine and Surgery (DMS) from the order's requirement. The Attorney General referred the matter to this office. We conclude that 38 U.S.C. § 4108(a) does not exempt VA, and that VA will not be acting unlawfully in implementing FLRC's decision.

Executive Order No. 11491 established a system of labor-management relations for executive agencies.[1] It applied, with exceptions not relevant here, to all agencies of the executive branch, including VA.[2] The order authorizes a majority of the employees in an appropriate unit of an

---

[1] *See, generally, Old Dominion Branch No. 496, National Association of Letter Carriers* v. *Austin,* 418 U.S. 264, 273-75 (1974). Exec. Order No. 11491 has been superseded, effective January 13, 1979, by Title VII of the Civil Service Reform Act of 1978, 92 Stat. 1111, 5 U.S.C. § 1101 *et seq.* (Supp. 1979). However, the Act does not affect administrative proceedings initiated under Exec. Order No. 11491. *See* § 902(b), 92 Stat. 1224.

[2] Exec. Order No. 11491, §§ 2(a), 3(a); *see* 38 U.S.C. § 201.

agency to select a union as its exclusive representative.[3] To the extent permitted by law and executive-branch-wide regulations, § 11(a) of the order requires an agency to negotiate in good faith with an exclusive representative of the bargaining unit with respect to personnel policies and practices and matters affecting working conditions. But an agency is not required to negotiate over the content of its own agency-wide regulations "for which a compelling need exists under criteria established by the Federal Labor Relations Council."[4]

When an agency contends that a subject on which a union proposes to negotiate is controlled by an agency-wide regulation, the union may appeal to the FLRC.[5] If the FLRC determines that there is no compelling need for the regulation, the agency is required to negotiate on the subject.[6] Failure to negotiate then becomes an unfair labor practice, and the Assistant Secretary of Labor for Labor-Management Relations may order the agency to negotiate.[7] The agency may appeal the Assistant Secretary's decision to the final administrative authority, the FLRC.[8]

The dispute in question concerns the negotiability of VA's procedures for retaining or dismissing probationary medical professional employees. Physicians and other medical professionals in the DMS are appointed "after [their] qualifications have been satisfactorily established, in accordance with regulations prescribed by the Administrator, without regard to civil service requirements." 38 U.S.C. § 4106(a). Under 38 U.S.C. § 4106(b):

> Such appointments as described in subsection (a) of this section shall be for a probationary period of three years and the record of each person serving under such appointment in the Medical, Dental, and Nursing Services shall be reviewed from time to time by a board, appointed in accordance with regulations of the Administrator, and if said board shall find him not fully qualified and satisfactory he shall be separated from the service.

The implementing VA regulations provide that each employee subject to § 4106(b) will have his record reviewed in a fair and impartial manner by a professional standards board (PSB) during the employee's probationary period. Although the regulations authorize the employee to submit a written or oral statement to the PSB during the review, the employee "is not entitled to legal or other representation."[9] The Union requested the Hospital to negotiate the professional employees' right to legal or other representation during the review of their records by the PSB. The VA

---

[3] Exec. Order No. 11491, § 10(a); cf. 29 U.S.C. § 159.

[4] Exec. Order No. 11491, § 11(a).

[5] Exec. Order No. 11491, § 11(c)(4)(ii).

[6] Exec. Order No. 11491, § 4(c)(2).

[7] Exec. Order No. 11491, §§ 6(a)(4); 6(b); 19(a)(6). The agency cannot reopen the negotiability dispute in the unfair labor practice proceeding. Exec. Order No. 11491, § 19(d).

[8] Exec. Order No. 11491, § 4(c)(1).

[9] Veterans' Administration Manual, MP-5, Part II, Ch. 4, § 4-06(b)(4).

determined that the proposal was contrary to its agency-wide regulations, and the Union appealed to the FLRC for a "compelling need" determination.

The VA argued before the FLRC that it was deprived of jurisdiction by 38 U.S.C. § 4108(a), which provides in pertinent part:

Notwithstanding any law, Executive order, or regulation, the Administrator shall prescribe by regulation the hours and conditions of employment and leaves of absence of physicians, dentists, podiatrists, optometrists, nurses, physician assistants, and expanded-function dental auxiliaries appointed to the Department of Medicine and Surgery * * *.

In its decision dated February 28, 1978, the FLRC first decided that it had jurisdiction over the case. On the merits, it held that no compelling need existed for the regulation prohibiting probationary professional medical employees from being assisted by counsel in a PSB review. The VA continues to contend that 38 U.S.C. § 4108(a) excluded this type of dispute from the FLRC's jurisdiction, and therefore, the Hospital refused to negotiate with the Union on the subject.

The VA claims first, that 38 U.S.C. § 4108(a) exempts it from the authority of any other statute or Executive order in determining the "hours, conditions of employment, and leaves of absence"[10] of DMS professional employees. Further, it argues that evaluation procedures under 38 U.S.C. § 4106(b) are "conditions of employment." Based on these arguments it concludes that notwithstanding Executive Order No. 11491, § 4108(a) deprived FLRC of jurisdiction, and VA was not required to negotiate on these procedures. It is not necessary, however, to determine whether § 4108(a) or the Executive order would control should they conflict. Such a conflict would arise only if the issue on which the Union wishes to negotiate—procedures before professional standards review boards—is in fact a "condition of employment" within § 4108(a). Our examination of the legislative history of the statute that established the DMS has convinced us it is not.

The Department of Medicine and Surgery was established by Pub. L. No. 293, 79th Cong., 1st sess., 59 Stat. 675. In creating the department the Congress intended to insure that VA may hire and discharge medical, dental, and nursing professionals without regard to competitive examination and procedural protections given employees in the classified civil service.[11] Accordingly, § 6 of the statute, now 38 U.S.C. § 4106, regulated the appointment, tenure, and promotion of professional probationary

---

[10] We note that 38 U.S.C. § 4108(a) is incorrectly quoted on page 3 of your request as empowering the Administrator to prescribe "terms and conditions of employment."

[11] See H. Rept. 1316, 79th Cong., 1st sess., at 1-2; S. Rept. 853, 79th Cong., 1st sess., at 1; Hearings before the Committee on World War Veterans Legislation of the House of Representatives on H.R. 4225, 79th Cong., 1st sess., at 36–39 (statement of Paul Hawley, Surgeon General, Veterans' Administration).

employees appointed "without regard to civil-service requirements." Probationary tenure, governed by § 6(b), 38 U.S.C. § 4106(b), permits the dismissal of unsatisfactory probationers after a 3-year period. The procedural protections given classified civil service employees were not granted to this class of employees.[12] Further, section 10 of the statute, 38 U.S.C. § 4110, establishes a disciplinary system for permanent employees independent of the civil service laws.[13]

Section 4108(a) of title 38 was enacted as 7(b) of the statute. In his remarks on behalf of the House Committee on World War Veterans Legislation, Representative Scrivner explained:

> In section (b), we provide that notwithstanding any law, Executive order, or regulation, the Administrator shall prescribe by regulation the hours and working conditions and leaves of absence of doctors, dentists, and nurses.[14]

This is the only discussion of § 7(b) in the legislative history.

From its context in the statute and its limited legislative history, the "conditions of employment" in 38 U.S.C. § 4108(a) are matters similar to hours and leave, *i.e.,* duties and workload; tenure and discharge of professional employees are regulated by other portions of the statute. Moreover, if "conditions of employment" included tenure and discharge, the breadth of § 4108(a) would have made it unnecessary for Congress to expressly exclude appointments under § 4106 from the civil service laws or to provide a separate disciplinary system under 38 U.S.C. § 4110. The procedures for professional evaluation are set out in 38 U.S.C. § 4106(b). Therefore, § 4108(a) does not exempt the Department of Medicine and Surgery from the FLRC's jurisdiction in this case.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[12] Section 6 and subsection 6(b) were extensively discussed in the legislative process. *See* S. Rept. 858, 79th Cong., 2d sess., at 1, 3; H. Rept. 1316, 79th Cong., 1st sess., at 1-2; 91 CONG. REC. 11656 (Representative Rogers), 11659 (Representative Cunningham), 11665 (Representative Engle).

[13] *See* S. Rept. 858, 79th Cong., 1st sess., at 4; 91 CONG. REC. 11663 (Representative Scrivner).

[14] 91 CONG. REC. 11662-63 (Representative Scrivner).